## BUDAK v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 20, 1933

Wm. A. Ambrose, Youngstown, for plaintiff in error.

Wm. B. Spagnola, Youngstown, for defendant in error.

## OPINION

**By POLLOCK, J.**

It appears that at the beginning of the trial there was a motion made by the defendant asking that the state be required to elect on which alleged charge in the affidavit the accused would be tried. The state answered in keeping a place. There is no such provision in the statute, but we presume the State was going to try the accused on having an establishment and selling what is usually denominated number cards on which a person guesses on something that happens usually, as we understand, on the number of sales made on the New York Stock Exchange on a certain day. The proposition is if you guess the right number you get six hundred times what you put in.

It appears in this case that one by the name of Logan Kennedy, who made this affidavit, was a barber in this city; that he had been getting these number cards and not only using them himself but selling them to others, and at one time he won six hundred dollars, and the plaintiff in error paid him the six hundred dollars. At another time he bet or used these cards, starting with a dollar, another card for some three and a third card for one cent, and won something over six hundred dollars. Budak refused to pay, for some reason, and no doubt that caused this affidavit to be filed, but Kennedy testifies to buying these cards. He never bought one directly from Budak, but he went to a place where he says Budak had his business in this city and got the number cards. Some one came around and took them up, a "pick-up" fellow, as they call him, and took them in. When Kennedy won the six hundred dollars Budak paid him and when he failed to pay the next one that he claims he won, Budak did not deny that he sold the cards but would not pay for the winning cards.

That is the testimony of this party. There was another witness by the name of Mickens, who testified that he was in the employ of Budak as pick-up man. The pickup man probably is the man that went out and took some of these cards with him, gathering them up in such a place as Kennedy was running. This transaction was probably in the city of Campbell, this county, but these transactions, we think, comply with the provisions of the statute, and if true they convicted this party of charges in the affidavit.

The only witness for the defense below was Budak himself. He testified that he had some place in Campbell in which he had a coffee shop, one room of which he used and rented the other rooms, to two men from Pittsburgh; that they were carrying on this lottery scheme. He acknowledged he made these payments but that he made them for the parties that had the rooms rented and denied that Mickens was in his employ. The court below had the question to determine of the weight of the evidence, or whether there was sufficient evidence to convict this party, and he found him guilty. We could not reverse this case on the weight of the evidence. That is the only error complained of, that he was not engaged in this business. In fact, we think the court below was right, and the judgment is affirmed. Exceptions.

Judgment affirmed.

FARR and ROBERTS, JJ, concur in the judgment.